IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON



| | |
|---|---|
| SHELLY'S MATERIALS, INC. : | |
| : | |
| **Plaintiff** : | |
| : | CASE NO. C 3 01-494 |
| v. : | |
| : | JUDGE THOMAS M. ROSE |
| THE BOARD OF ZONING APPEALS, | |
| CLARK COUNTY, OHIO, et al. : | |
| : | |
| **Defendants.** : | |

**MOTION OF DEFENDANTS, THE BOARD OF ZONING APPEALS, CLARK COUNTY, OHIO AND KELLY DANIELS, FOR PROTECTION ORDER PROHIBITING DEPOSITIONS OF BOARD OF ZONING APPEALS MEMBERS**

Now come the Defendants, The Board of Zoning Appeals, Clark County, Ohio and Kelly Daniels, by and through the undersigned counsel, and hereby move this Court to order the protection of the members of the Board of Zoning Appeals ("BZA") from depositions requested by the Plaintiff. The Defendants move this court to deny Plaintiff's request to depose the BZA members Allen Perkins, Karen Sue Ilges, Illene Cessna, Rich Foster and Bill Brewer pursuant to Fed. R. Civ. P. 26(c) and applicable federal case law.

The basis and support for this Motion are set forth more fully herein.

Respectfully submitted,

**ONDA, LaBUHN & RANKIN CO., LPA**

_____
Timothy S. Rankin     (0059562)
Email: tsr@olrlaw.com
Greggory D. Slemmer    (0064888)
Email: gds@olrlaw.com
266 North Fourth Street, Suite 100
Columbus, Ohio 43215-2511
Phone: 614/716-0500
Fax: 614/716-0511
Counsel for Defendants,
The Board of Zoning Appeals,
Clark County, Ohio and Kelly Daniels

## MOTION IN SUPPORT

### I. BACKGROUND

The present action arises out of a case filed by Shelly Materials, Inc., ("Shelly Materials") as a result of a denial by the Clark County Board of Zoning Appeals ("BZA") of a conditional use permit for a sand and gravel pit located in Clark County, Ohio. For approval of the conditional use permit, Shelly Materials must have satisfied fifteen (15) separate conditions as set forth in the Clark County Zoning Code. The BZA denied Shelly Materials' conditional use permit application ("Application") due to its inability to satisfy four (4) of the fifteen (15) conditions.

The BZA conducted hearings over a three (3) day period ("Hearing") in which Shelly Materials was able to present evidence in support of its application. The Hearing allowed for expert and lay testimony on all issues relevant to Shelly Materials' Application. Numerous residents and others within and beyond the proposed site for the pit, including an organized

2

group called RAPA (an Intervenor in this case), also appeared at the Hearing to oppose the Application. Several residents in opposition presented testimony themselves and from two (2) expert witnesses against the Application.

The BZA, ultimately determined that Shelly Materials was unable to satisfy four (4) of the needed fifteen (15) conditional use requirements for their Application. See, Clark County Reg. Chap. 7, Sec. 129. Shelly Materials appealed the decision of the BZA through the administrative appeals process through the Ohio Courts[1]. Simultaneously, Shelly Materials filed this federal action alleging Constitutional violations and requested declaratory judgments regarding the unconstitutionality of the applicable zoning ordinances and/or actions of the BZA. In particular, Shelly Materials has alleged a takings claim under the Fifth Amendment, violations of both substantive and procedural due process rights under the Fourteenth Amendment, and an equal protection violation.

Shelly Materials is now requesting depositions of the individual BZA members who made the decision to deny their Application. Shelly Materials has issued Notices of Deposition for all five (5) BZA members for October 27, 28 and 29, 2003, (copies attached as Exhibits A, B, C, D and E). However, the individual members of the BZA should be protected from depositions because any information gained concerning members' thought process in making the determination to deny Shelly Materials conditional use application would be irrelevant and would be unduly burdensome to these public servants.[2]

---

[1] The Clark County Ohio Common Pleas Court and Ohio Second District Court Appeals upheld the BZA's Decision. Subsequently, the Ohio Supreme Court declined to exercise jurisdiction for Shelly Materials' appeal from the Court of Appeals.

[2] Shelly Materials has already taken the depositions of Defendant Kelly Daniels, the Clark County Zoning Inspector, and three (3) other Clark County Zoning and Planning Staff members in this case.

3

Case: 3:01-cv-00494-TMR-MRM Doc #: 25 Filed: 10/16/03 Page: 4 of 7 PAGEID #: 6

The Clark County BZA is comprised of five (5) members appointed by the Clark County Commissioners. They are charged, among other duties, to hear and consider Conditional Use Applications pursuant to the Clark County Zoning Regulations. Clark Cty. Zoning Regs, Chapter 7. As an administrative body, they discharge their duties in accordance with the County ordinances, regulations and other applicable state laws and statutes.

## II. ARGUMENT

The Defendants submit that the Plaintiff is prohibited from deposing the BZA members since their decision-making and thought process in their deliberations is irrelevant to this lawsuit and the claims at issue.

### A. *The Members of the Board of Zoning Appeals are not subject to depositions because any information pertaining to their thought process is irrelevant.*

The thought processes of the individual BZA members has no relevance to the Fifth Amendment takings claim, Fourteenth Amendment substantive and procedural due process claims, or the equal protection claim asserted by the Plaintiff. The state of mind of an individual with official discretion in making a decision is irrelevant unless it can be shown the decision was based on discriminatory animus. *State Auto Mart, Inc., v. City of St. Paul Minnesota,* 721 F. Supp. 206, 211 (D. Minn., 1989). Without a preliminary showing of animus, the depositions of the members of the Clark County BZA should be barred.

The mental approach used to reach a decision by each individual member based upon the standards set forth in the Clark County Zoning Regulations are irrelevant to the decision given by the BZA. The BZA acted collectively as an Administrative body in hearing

4

and determining the validity of Shelly Materials' Application. The only time when the thought process of the individual members of a deliberating body may be relevant is with a showing of a discriminatory animus that may have affected their ultimate decision. In this case, the Plaintiff has not alleged nor produced even a scintilla of evidence to illustrate a discriminatory animus existed in the denial of its Application. With the lack of such discriminatory animus the individual mental state of each BZA member is irrelevant to this case.

The Defendants submit that the BZA members should be protected from the burden and disruptive nature of depositions in this case. The decision made by the BZA was finalized as a BZA action and not on an individual basis. The relevant issue is whether **all the evidence** presented before the BZA (including the evidence submitted by Shelly Materials and those in opposition) supported the decision to deny the Application as measured against the conditional use requirements set forth in Clark County's Zoning Code. This does not include how or why the members individually came to the ultimate decision.

Indeed, protection "of public officials from the 'broad-ranging discovery' which can be 'peculiarly disruptive of effective government,'" is an important goal in §1983 civil rights actions. See, e.g., *Bituminous Materials, Inc. v. Rice County, MN*, 126 F.3d 1068, 1071 (f.n.2) (8th Dist. Ct. App. 1997) (Plaintiff's "unsupported allegations of personal animus did not warrant burdensome depositions of these government officials."); and *Stone's Auto Mart, Inc., v. City of St. Paul Minnesota*, 721 F. Supp. 206, 211 (D. Minn., 1989), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817. Depositions are the most burdensome and disruptive form of discovery.

5

A situation, such as the present one, in which a BZA body reaches a single decision from a group of individuals is one in which Courts protect the governmental entity from unnecessary and burdensome discovery, particularly depositions. However, the Plaintiffs may continue with any other method of discovery available except for the depositions of the individual BZA members.

### III. CONCLUSION

Based upon the preceding analysis and authorities the Defendant respectfully requests the issuance of a protective order pursuant to Civ. R. 26 (c) to prevent Shelly Materials from deposing of the members of the Clark County Board of Zoning Appeals.

Respectfully submitted,

ONDA, LaBUHN & RANKIN CO., LPA

_/s/_

---

Timothy S. Rankin   (0059562)
Email: *tsr@olrlaw.com*
Greggory D. Slemmer   (0064888)
Email: *gds@olrlaw.com*
266 North Fourth Street, Suite 100
Columbus, Ohio 43215-2511
Phone: 614/716-0500
Fax: 614/716-0511
Counsel for Defendants,
The Board of Zoning Appeals,
Clark County, Ohio and Kelly Daniels

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served by regular U.S. Mail, postage prepaid on this 14th day of October, 2003 upon:

David C. Greer, Esq.
Carla J. Morman, Esq.
BIESER, GREER & LANDIS LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402

Attorneys for Plaintiff, Shelly's Materials, Inc.

Michael P. McNamee, Esq.
Megan Shufflebarger, Esq.
McNAMEE & McNAMEE, LPA
2625 Commons Blvd.
Beavercreek, Ohio 45371

Attorneys for Intervenors, RAPA

_____
Timothy S. Rankin, Esq.